UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BELL ATLANTIC MOBILE SYSTEMS LLC
D/B/A VERIZON,

Plaintiff,

26-CV-6526 (MAV)

-vs-

DECISION &
ORDER

CITY OF ROCHESTER, CITY OF ROCHESTER PLANNING COMMISSION, and PACE REAL ESTATE LLC,

Defendants.

---

## INTRODUCTION

Plaintiff Bell Atlantic Mobile Systems LLC d/b/a Verizon brought this action under the Federal Telecommunications Act (TCA), 47 U.S.C. § 332, and New York CPLR Article 78 against the City of Rochester, City of Rochester Planning Commission, and Pace Real Estate LLC. ECF No. 8.

Before the Court are two motions: Defendants' partial motion to dismiss the amended complaint for lack of jurisdiction over the Article 78 claims, ECF No. 9, and Plaintiff's motion requesting a scheduling conference to commence discovery, ECF No. 14.

For the following reasons, Defendants' partial motion to dismiss for lack of jurisdiction is denied. Plaintiff's motion requesting a scheduling conference is denied as moot.

Defendants shall answer the amended complaint on or before December 14, 2026.

## BACKGROUND

Plaintiff applied for a special permit and waivers to build a stealth monopole and antenna (a type of cell phone tower with a camouflaged design) on Portland Avenue in Rochester. ECF No. 8 at 1–2. The project was designed to address a gap in cell phone coverage. ECF No. 1. The Rochester Planning Commission rejected the application in August 2025, and Plaintiff revised the project to attempt to address its concerns. ECF No. 8 at 2.

The Commission rejected the application a second time in March 2026 and issued a decision on April 22, 2026. ECF No. 8 at 2–3. Plaintiff claims that the Commission denied the permit for impermissible reasons under the TCA and state law. ECF No. 8 at 3–4. Plaintiff requests declaratory relief, a reversal of the denial, and injunctive relief mandating the approvals for the project to move forward. ECF No. 8 at 4, 39–40.

Defendants moved to dismiss the Article 78 claims (counts three and four) for lack of subject-matter jurisdiction. ECF No. 9. Plaintiff responded in opposition, ECF No. 11, and Defendants filed a reply brief, ECF No. 12. Plaintiff also filed a notice of supplemental authority, which cited *T-Mobile Northeast LLC v. Village of Chestnut Ridge*, No. 23 CV 5852 (VB), 2026 WL 2731665, at *8 (S.D.N.Y. Sept. 16, 2026). ECF No. 13.

Plaintiff filed a motion for a scheduling conference under Fed. R. Civ. P. 16(a). ECF No. 14. Defendants responded in opposition, ECF No. 16, and Plaintiff filed a reply, ECF No. 17. Both motions are ripe for this Court's decision.

## STANDARD OF REVIEW

"'A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it.'" *Sakon v. Connecticut*, No. 24-3218, 2026 WL 392463 at *1 (2d Cir. Feb. 12, 2026) (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015)). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

## DISCUSSION

### I. Partial Motion to Dismiss

Defendants seek to dismiss counts three and four of Plaintiff's amended complaint for lack of subject-matter jurisdiction. ECF No. 9-2. Specifically, Defendants contend that this Court should decline to exercise supplemental jurisdiction over those claims, as the overwhelming majority of District Courts in this Circuit have declined to exercise jurisdiction over Article 78 claims. ECF No. 9-2 at 7–10. Plaintiff responds that Courts in this Circuit routinely exercise jurisdiction over Article 78 claims when they are accompanied by claims under the TCA. ECF No. 11 at 9–14. In reply, Defendants argue that the nature of Article 78 claims creates a compelling reason to decline jurisdiction. ECF No. 12 at 4–5. Defendants further argue that in the examples Plaintiff cited, no party disputed jurisdiction, unlike here. ECF No. 12 at 5–7.

The Court has original jurisdiction over claims which "aris[e] under" federal

law. 28 U.S.C. § 1331. Additionally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

The Court can decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, the Court has original jurisdiction over Plaintiff's federal TCA claims. *See* 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over the Article 78 state claims under 28 U.S.C. § 1367(a) because Plaintiff's TCA claims and Article 78 claims are part of the same case or controversy. *See, e.g.*, *Garofalo v. City of New York*, No. 1:22-CV-07620-NRM-VMS, 2023 WL 3792514, at *4 (E.D.N.Y. June 2, 2023) ("Plaintiff's Article 78 claims arise out of the same common nucleus of operative fact as his § 1983 claims.").

Some District Courts have reasoned that federal courts never have jurisdiction over Article 78 claims. *See, e.g.*, *De Jesus v. City of New York*, No. 10 CIV. 9400 GBD, 2012 WL 569176, at *4 (S.D.N.Y. Feb. 21, 2012) ("The Court cannot exercise jurisdiction over plaintiff's claims challenging administrative determinations.");

*Morningside Supermarket Corp. v. New York State Dep't of Health*, 432 F. Supp. 2d 334, 346 (S.D.N.Y. 2006) ("It is doubtful . . . that claims under Article 78 are even amenable to a federal district court's supplemental jurisdiction."). The Second Circuit has not decided "whether Article 78 can, on its own, deprive a federal court of jurisdiction over claims brought under that provision," however. *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 155 (2d Cir. 2013); *but see McNamara v. Kaye*, 360 Fed. Appx. 177, 177 (2d Cir. 2009) (in a summary order, affirming the dismissal of an Article 78 claim "for lack of subject-matter jurisdiction").

In the absence of a categorical prohibition from the Second Circuit or Congress, this Court looks to the language of 28 U.S.C. § 1367(a) to conclude that supplemental jurisdiction is possible over Article 78 claims that are part of the same case or controversy as the federal claims. That CPLR 7804(b) states that a proceeding under Article 78 "shall be brought in the [New York] supreme court," does not alter the jurisdiction of the federal courts. *See Concern for Indep. Living, Inc. v. Town of Southampton, New York*, 826 F. Supp. 3d 343, 364 (E.D.N.Y. 2026) ("[W]hile New York State may specify how Article 78 claims proceed in its own courts, its requirement that such petitions 'shall be brought' in state courts has 'nothing to do with whether the proceeding falls within a federal jurisdictional statute.'") (quoting *Garofalo*, 2023 WL 3792514, at *5); *Casale v. Metro. Transp. Auth.*, No. 05 CIV. 4232 (MBM), 2005 WL 3466405, at *6 (S.D.N.Y. Dec. 19, 2005).

After concluding that this Court can exercise supplemental jurisdiction over the Article 78 claims, the question becomes whether the Court should decline to do

so. Applying the four circumstances enumerated in 28 U.S.C. § 1367(c) to Plaintiff's Article 78 claims here, the Court finds that the claims do not raise novel or complex issues of state law. The amended complaint raises violations of the TCA in the Article 78 causes of action. *See* ECF No. 8 at 38 ("the violations of the TCA set forth in Counts I and II independently render the City's actions arbitrary, capricious, and an abuse of discretion"), 39 (seeking declarations on the third and fourth counts that the Commission violated the TCA). Further, the alleged violations of New York law involve the public necessity standard established by *Consol. Edison Co. of New York v. Hoffman*, 374 N.E.2d 105, 111 (N.Y. 1978), which is not a novel or complex standard. *See* ECF No. 39; *Crown Castle Fiber LLC v. Town of Oyster Bay*, No. 21CV6305JMAJMW, 2024 WL 1051171, at *19 (E.D.N.Y. Jan. 19, 2024), *report and recommendation adopted*, No. 21CV06305JMAJMW, 2024 WL 1090305 (E.D.N.Y. Mar. 13, 2024) (discussing and applying that standard).

Second, the Article 78 claims do not predominate over the TCA claims. The opposite is true. The Article 78 claims raise violations of the TCA, and the state law public necessity standard is similar to requirements under the TCA. Under the state law public necessity standard, to obtain a permit to install wireless facilities, a telecommunications company "must demonstrate that there was a gap in cell service, and that proposed wireless facility was more feasible than other options." *Crown Castle*, 2024 WL 1051171, at *19 (internal quotations and citation omitted). Similarly, under the TCA, a local government cannot "prohibit or have the effect of prohibiting the provision of personal wireless services," 47 U.S.C. § 332(c)(7)(B)(i)(II),

which the Second Circuit has said precludes rejecting an application where there is a gap in coverage that cannot be closed by less intrusive means. *See Sprint Spectrum L.P. v. Willoth*, 176 F.3d 630, 643 (2d Cir. 1999).

Indeed, many Courts have noted the overlap in deciding claims under the TCA and Article 78. *See T-Mobile Northeast* LLC, 2026 WL 2731665, at *8 (addressing TCA and Article 78 claims together because the "test is essentially the same" and "the two standards of review are coextensive"); *New Cingular Wireless PCS, LLC v. Town of Fenton*, 843 F. Supp. 2d 236, 253 (N.D.N.Y. 2012) ("Although 'Article 78 imposes its own requirement that local decisions be supported by substantial evidence' the test for relief from a zoning board's decision under Article 78 'is essentially the same as that under the TCA'") (quoting *T–Mobile Northeast LLC v. Town of Ramapo*, 701 F. Supp. 2d 446, 461 (S.D.N.Y. 2009)); *T-Mobile Northeast LLC v. Town of Islip*, 893 F. Supp. 2d 338, 373 (E.D.N.Y. 2012).

Third, the claims over which the Court has original jurisdiction (the TCA claims) will continue. *Cf. Crown Castle NG E. LLC v. Town of Oyster Bay*, No. 17CV3445SJFARL, 2020 WL 4587653, at *19 (E.D.N.Y. Feb. 21, 2020), *report and recommendation adopted*, No. 17-CV-3445(SJF)(ARL), 2020 WL 2393915 (E.D.N.Y. May 12, 2020) (declining to exercise supplemental jurisdiction over Article 78 claims after dismissing TCA and other federal claims).

Finally, the Court considers "other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Some District Courts have found that the nature of Article 78 claims is itself such a compelling reason. *See, e.g.*, *Coastal Commc'ns Serv.*,

*Inc. v. City of New York*, 658 F. Supp. 2d 425, 460 (E.D.N.Y. 2009) ("'The very nature of an Article 78 proceeding presents such compelling reasons' for declining supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(4).") (quoting *Morningside*, 432 F. Supp. 2d at 346).

Declining to exercise supplemental jurisdiction over Article 78 claims is undoubtedly the majority approach. *See Mullen v. Vill. of Painted Post*, 356 F. Supp. 3d 275, 285 (W.D.N.Y. 2019) ("[I]t is generally inappropriate for a federal district court to exercise supplemental jurisdiction over an Article 78 claim."); *Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 210 (W.D.N.Y. 2013) ("[T]he Court agrees with the 'essentially unanimous position of the New York district courts' that it is appropriate to decline supplemental jurisdiction over Article 78 claims in most cases.") (quoting *Morningside*, 432 F. Supp. 2d at 347).

Nevertheless, the Court views this case as the exception to the general rule. The TCA and Article 78 claims here overlap to such an extent that a parallel track (with the Article 78 claims dismissed with leave to refile in state court) "would run contrary to the interests of judicial economy" and would risk "duplicative litigation." *Garofalo*, 2023 WL 3792514, at *6. Additionally, the overlapping claims predominately involve the TCA rather than state law. *See Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity.").

In sum, after analyzing the categories in 28 U.S.C. § 1367(c), the Court does

not find a compelling reason to decline jurisdiction. *See, e.g.*, *Concern for Indep. Living, Inc.*, 826 F. Supp. 3d at 365 ("[T]he Section 1367(c) factors weigh strongly in favor of this Court's exercise of supplemental jurisdiction over [plaintiff's] Article 78 claim pursuant to Section 1367(a)."); *A.A.C. on behalf of G.C. v. Starpoint Cent. Sch. Dist.*, No. 24-CV-1047 (JLS), 2025 WL 1201971, at *17 (W.D.N.Y. Apr. 25, 2025), *appeal dismissed as moot sub nom. A.A.C. v. Starpoint Cent. Sch. Dist.*, No. 25-1316-CV, 2026 WL 125401 (2d Cir. Jan. 16, 2026) ("[T]he enumerated Section 1367(c) categories do not apply."). The Court in fact finds good cause to exercise jurisdiction given the nature of the claims at issue.

For these reasons, Defendants' partial motion to dismiss is denied.

## II. Motion for a Scheduling Conference

Plaintiff moved for a scheduling or status conference under Fed. R. Civ. P. 16(a). ECF No. 14. Defendants oppose the request while their motion to dismiss remains pending. ECF No. 16 at 6–9.

In reply, Plaintiff "acknowledges that a decision on Defendants' pending motion to dismiss Counts III and IV of the Amended Complaint (the Article 78 claims) (Doc. 8) would render this motion moot." ECF No. 17 at 4 n. 1. As the Court has now ruled on Defendants' pending motion to dismiss, the Court denies Plaintiff's motion as moot.

Defendants shall file an answer to the amended complaint, ECF No. 8, on or before December 14, 2026, after which a Rule 16(a) conference will be held by a magistrate judge.

## CONCLUSION

While District Courts in this Circuit generally decline to exercise supplemental jurisdiction over Article 78 claims, this case involves overlapping claims under the TCA and Article 78 which share concerns under federal law. None of the circumstances enumerated in Section 1367(c) apply. As such, the Court exercises supplemental jurisdiction over Plaintiff's Article 78 claims and denies Defendants' partial motion to dismiss.

Plaintiff's request for a Rule 16(a) conference is moot given that the Court has now ruled on the pending motion to dismiss and the case will proceed to discovery.

Therefore, for the foregoing reasons, it is hereby

ORDERED that Defendants' partial motion to dismiss for lack of subject-matter jurisdiction, ECF No. 9, is DENIED. It is further

ORDERED that Plaintiff's motion for a scheduling conference, ECF No. 14, is DENIED AS MOOT.

Defendants shall file an answer to the amended complaint on or before December 14, 2026.

SO ORDERED.

Dated: November 13, 2026
Rochester, New York

Meredith Vacca

HON. MEREDITH A. VACCA
United States District Judge